1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABBY BEREKET, individually and on behalf of all others similarly situated, | CASE NO. 2:17-cv-00812 |
| Plaintiff(s), | COMPLAINT—CLASS ACTION |
| v. | DEMAND FOR JURY TRIAL |
| PORTFOLIO RECOVERY ASSOCIATES, LLC and JOHN DOES 1-25, | |
| Defendant(s). | |

    Plaintiff ABBY BEREKET (hereinafter, "Plaintiff"), a Washington resident, brings this class action complaint by and through his undersigned counsel, against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant" or "PRA") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

COMPLAINT—CLASS ACTION – 1

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action for damages for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of Washington, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant, Portfolio Recovery Associates, LLC ("PRA") is a collection agency with its principal place of business located Norfolk, Virginia.

8. Upon information and belief, PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. PRA is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

COMPLAINT—CLASS ACTION – 2

## **CLASS ALLEGATIONS**

10. Plaintiffs bring this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consist of:

>(a) all individuals with addresses in the state of Washington (b) to whom Defendant (c) sent a collection letter in an attempt to collect a debt (d) which offers a payment plan to pay in full a time barred debt (e) which fails to notify the consumer that by making partial payment they may be restarting the statute of limitations (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

14. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached hereto as *Exhibit A,* violate 15 U.S.C. §§ 1692e.

15. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

16. The Plaintiffs will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached hereto as *Exhibit A*, violate 15 U.S.C. §§ 1692e.

   (c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have

any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to August 23, 2016 an obligation was allegedly incurred to Bank of America.

22. The Bank of America obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. The alleged Bank of America obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.  Bank of America is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. On or about August 23, 2016 Defendant caused to be delivered to Plaintiff a collection letter in an attempt to collect the alleged debt. *See* **Exhibit A**.

26. The letter was sent or caused to be sent by persons employed by Defendant.

27. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

28. The August 23, 2016 letter offered the Plaintiff a number of payment options, one of which offered to an 'Installment Option' for the Plaintiff to pay off his entire alleged debt over the course of a number of months:

**Account Offers**

**PAYMENT OPTIONS**

| Single Payment* | 12 Month* | 33 Month* |
|---|---|---|
| **Savings Plan** Pay $4,730.23 for and **SAVE $3,870.19** | **Savings Plan** Pay $430.02 for 12 consecutive months and **SAVE $3,440.18** | **Installment Option** Pay $260.61 for 33 consecutive months |
| The savings will be applied to the balance and your account will be considered 'Settled in Full' after your final payment is successfully posted. | | Your account will be considered "Paid in Full" after your final payment is successfully posted. |

Your first payment must be received NO LATER than: 09/30/2016
*We are not obligated to renew this offer.

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.

29. As of August 23, 2016, more than six (6) years had elapsed since the last payment or activity on the Bank of America debt subject to the letter.

COMPLAINT—CLASS ACTION – 6

CONCORD LAW, P.C.
144 Railroad Ave., Ste. 236
Edmonds, WA 98020
(206) 512-8029

30. Pursuant to RCW 4.16.040, the statute of limitations is six (6) years for filing suit to collect on a debt.

31. The August 23, 2016 letter states, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

32. The Defendant fails to inform the Plaintiff that should he choose one of the payment plans offered it may re-start the statute of limitations, which may expose the Plaintiff to future litigation for this debt.

33. The Defendant does not inform Plaintiff that should the statute of limitations reset, the Defendant may have the right to commence legal action, which otherwise would have been barred.

34. The Defendant regularly sends collection letters on time-barred debts, offering small monthly installment plans in payment of the entire debt, but does not inform the consumer that the statute of limitations may reset upon making the **first** monthly payment.

35. The Defendant regularly sends letters seeking to collect debts, which are time-barred, that offer small monthly installment plans in payment of the entire debt, informing the consumer that he or he will not be sued due to the age of the debt; but not informing the consumer that the statute of limitations may reset if a partial payment is made on the debt, therefore allowing the Defendant the option of commencing legal action, which otherwise would be barred by the statute of limitations.

36. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that he owes money and demands payment, it may create the

misleading impression that the collector can sue the consumer in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm).

37. In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

38. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred.  The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

39. The Seventh Circuit recently found as to the defendant that "First, the letter does not even hint, let alone make clear to the recipient, that if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations. Second, the letter did not make clear to the recipient that the law prohibits the collector from suing to collect this old debt. **Either is sufficient reason to affirm summary judgment for the plaintiff."** *Pantoja v. Portfolio Recovery Associates*, Case No. 15-1567 (7th Cir. March 29, 2017) (*emphasis added*).

40. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated section 15 U.S.C. § 1692e of the FDCPA.

43. Section 15 U.S.C. §1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. The Defendants violated said provision by:

   a. Falsely representing the legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);

   b. Using false representations and/or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

45. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

COMPLAINT—CLASS ACTION – 9

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Ryan M. Pesicka as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 24, 2017

By: s/Ryan Pesicka

Ryan Pesicka, WSBA 48182
CONCORD LAW, PC.
144 Railroad Avenue, Suite 236
Edmonds, Washington 98020
(206) 512-8029 telephone
(206) 512-8914 facsimile
ryan@condordlawseattle.com
*Attorney for Plaintiff Abby Bereket*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so trial.

Dated: May 24, 2017

By: s/Ryan Pesicka

Ryan Pesicka, WSBA 48182