UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABBY BEREKET, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC, *et al.*,

Defendants.

Case No. C17-0812RSMRSM

ORDER DENYING DEFENDANT PORTFOLIO'S MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on Defendant Portfolio Recovery Associates, LLC's ("Portfolio") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. #13. Defendant seeks dismissal of Plaintiff's claim on the basis that he[1] fails to state a claim for relief that is plausible on its face. *Id.* Plaintiff opposes the motion, arguing that Defendant has misconstrued the relevant law and that he has sufficiently alleged his claims.[2] Dkt. #17. Having

---

[1] Plaintiff's gender is not clear. Plaintiff is referred to with male pronouns throughout the Complaint, but with female pronouns throughout the Opposition briefing. *See* Dkts. #1 and #17. For ease of reference, the Court will refer to Plaintiff using male pronouns, but intends no disrespect if Plaintiff is in fact female.

[2] The Court advises Plaintiff's counsel to familiarize themselves with the Court's Local Rules. In violation of those Rules, Local Counsel has failed to sign or file any of the briefing. *See* Dkt. #6 and LCR 83.1(d)(2). Further, a sample motion format can be seen at Appendix A to the Local Civil Rules. Although the Court has considered Plaintiff's Opposition to this motion, Plaintiff is warned that the failure to adhere to the Court's Local Rules with future filings may result in those filings being stricken from the record.

ORDER
PAGE - 1

reviewed the record before it, the Court now DENIES Defendant's motion for the reasons discussed herein.

## II.  BACKGROUND

Plaintiff filed a proposed class action on May 24, 2017. He alleges that Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Dkt. #1 at ¶ 4. Specifically, Plaintiff alleges:

> 21. Some time prior to August 23, 2016 an obligation was allegedly incurred to Bank of America.
>
> . . .
>
> 25. On or about August 23, 2016 Defendant caused to be delivered to Plaintiff a collection letter in an attempt to collect the alleged debt. *See* **Exhibit A**.
>
> . . .
>
> 28. The August 23, 2016 letter offered the Plaintiff a number of payment options, one of which offered [] an 'Installment Option' for the Plaintiff to pay off his entire alleged debt over the course of a number of months:
>
> [Embedded image of options in letter not copied]
>
> 29. As of August 23, 2016, more than six (6) years had elapsed since the last payment or activity on the Bank of America debt subject to the letter.
>
> 30. Pursuant to RCW 4.16.040, the statute of limitations is six (6) years for filing suit to collect on a debt.
>
> 31. The August 23, 2016 letter states, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."
>
> 32. The Defendant fails to inform the Plaintiff that should he choose one of the payment plans offered it may re-start the statute of limitations, which may expose the Plaintiff to future litigation for this debt.

33. The Defendant does not inform Plaintiff that should the statute of limitations reset, the Defendant may have the right to commence legal action, which otherwise would have been barred.

34. The Defendant regularly sends collection letters on time-barred debts, offering small monthly installment plans in payment of the entire debt, but does not inform the consumer that the statute of limitations may reset upon making the **first** monthly payment.

35. The Defendant regularly sends letters seeking to collect debts, which are time-barred, that offer small monthly installment plans in payment of the entire debt, informing the consumer that he or he will not be sued due to the age of the debt; but not informing the consumer that the statute of limitations may reset if a partial payment is made on the debt, therefore allowing the Defendant the option of commencing legal action, which otherwise would be barred by the statute of limitations.

Dkt. #1 at ¶ ¶ 21, 25 and 28-34 (bold in original). Plaintiff alleges that these actions violate section 15 U.S.C. § 1692e of the FDCPA. *Id.* at ¶ ¶ 41-45.

### III. DISCUSSION

#### A. Legal Standard

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

## B. FDCPA Claim

"[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). It prohibits and imposes strict liability and both statutory and actual damages for a wide range of abusive and unfair practices. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). The Ninth Circuit has continuously instructed that the FDCPA is to be construed liberally in favor of the consumer. *Id.*

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute provides a non-exhaustive list of conduct that constitutes a violation of that section, including "[t]he false representation of – (A) the character, amount, or legal status of any debt. . . ," which is at issue in this case. 15 U.S.C. § 1692e(2)(A).

A debt collector's liability under § 1692e is an issue of law for the Court. *Gonzales v. Arrow Financial Servs., Inc.*, 660 F.3d 1055, 1061 (9th Cir. 2011). When determining whether certain conduct violates § 1692e, the Court undertakes an objective analysis, and considers whether "the least sophisticated debtor would likely be misled by a communication." *Donohue*, 592 F.3d at 1030.

Defendant presents a number of reasons that this Court should dismiss Plaintiff's claims. First, Defendant argues that Plaintiff lacks standing because he fails to admit that he owes the debt at issue. Dkt. #13 at 6. Defendant relies on a footnote in an unpublished case from the District of New Jersey in support of its assertion. *Id.* (citing *Judah v. Total Card, Inc.*, 2017 U.S. Dist. LEXIS 81738, *6 fn. 2 (D. N.J. May 30, 2017). This Court is not persuaded.

ORDER
PAGE - 4

The FDCPA itself provides that "the term 'consumer' means any natural person obligated *or allegedly obligated* to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added). Similarly, the Act defines the term "debt collector" as any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or *asserted to be owed* or due another." 15 U.S.C. § 1692a(6) (emphasis added). "The highlighted text strongly suggests that Congress intended the FDCPA to protect consumers who were subjected to collection efforts for obligations they did not owe." *Davis v. Midland Funding, LLC*, 41 F. Supp.3d 919, 924 (E.D. Cal. 2014).

As the Eastern District of California noted in *Davis*:

> Other courts concur. While the Ninth Circuit appears not to have considered the issue, the Eighth Circuit rejected an argument similar to defendants' (albeit one based on subsection (3), rather than subsection (5), both quoted above), reasoning as follows:
>
>> [R]esolution of whether the plain language of § 1692a(3)'s "consumer" definition encompasses [plaintiff James] Dunham, someone mistakenly contacted by a debt collector, turns on the proper reading of the phrase "allegedly obligated to pay." [Defendant] PRA argues that because it erroneously contacted the wrong "James Dunham," it did not "allege" that Dunham was "obligated to pay any debt." In other words, PRA only alleged that the "James Dunham" who actually owes the payment obligation owed a debt, not the "James Dunham" who filed this lawsuit. Thus, PRA contends, Congress's decision to limit . . . protections only to "consumers" reflects a congressional desire to withhold a cause of action . . . from an individual like Dunham who a debt collector mistakenly contacts. Under PRA's interpretation of the [FDCPA], a person who has been abused by a debt collector's harassing tactics, which the FDCPA generally prohibits, could not invoke the protection of the FDCPA if the debt collector contacted the individual by mistake. This interpretation would read the phrase "allegedly obligated" to only apply to those who actually owe or owed the specific debt at issue, despite whether a debt collector asserted a person owes the specific debt. PRA's position too narrowly constricts the plain meaning of "alleged." [. . .] PRA alleged, albeit mistakenly, that Dunham owed the payment obligation. Simply put, a mistaken allegation is an allegation nonetheless. Thus, we read § 1692a(3)

ORDER
PAGE - 5

> to include individuals who are mistakenly dunned by debt collectors.

*Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1002 (8th Cir. 2011). Another district court in the Ninth Circuit, faced with the same argument, chose to follow *Dunham*:

> The Court finds [*Dunham*'s] reasoning persuasive and adopts it in full. Defendants "alleged" that Plaintiff owed a debt when they mailed her "dunning" letters and later garnished her wages using her Social Security number to identify her. The fact that the debt actually belonged to someone else does not strip Plaintiff of a cause of action under the FDCPA. These claims may proceed.

*Gonzalez v. Law Firm of Sam Chandra, APC*, No. 13-CV-0097-TOR, 2013 U.S. Dist. LEXIS 126375, 2013 WL 4758944 (E.D. Wash. Sep. 4, 2013).

> This court finds the reasoning in these opinions to be persuasive.

41 F. Supp.3d at 924. This Court also finds that reasoning to be persuasive. An individual is still entitled to the protections of the FDCPA, if a collection agency is asserting that he owes a debt, even if he does not actually owe that debt. Thus, the fact that Plaintiff has not admitted that he owes the debt at issue is not fatal to his claims.

Defendant next argues that Plaintiff's claim must be dismissed because "it is virtually devoid of allegations directly addressing the purportedly false and deceptive statements in Portfolio's August 23, 2016 letter, and because it fails to link Mr. Bereket's factual allegations to his formulaic recitation of the elements of his FDCPA claims." Dkt. #13 at 6-7. The Court rejects this argument. Had Defendant actually read the Complaint, particularly the paragraphs set forth by the Court in this Order, the facts supporting the Complaint would have been clear. *See* Dkt. #1 at ¶¶ 21, 25 and 28-34. Plaintiff alleges that Defendant's failure to state in its letter that the statute of limitations could be revived or begin anew if he made a partial payment on the alleged debt is a violation of Section 1692e of the FDCPA. Dkt. #1 at ¶¶ 21, 25 and 28-34. He

alleges specific facts about the letter he received from Defendant and copies an image of the proposed payment plans into the Complaint. He specifically identifies why he believes the letter is misleading. He then links his factual allegations to the FDCPA claim. *See* Dkt. #1 at ¶¶ 41-45. Thus, Defendant's argument is not well-taken.

Defendant next makes a lengthy argument as to why the statements, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." are not misleading. Dkt. #13 at 8-15. This argument is moot. As is clear from his Complaint, Plaintiff does not allege that this statement, in and of itself, is misleading. Thus, the Court will not further address this portion of Defendant's motion.

Finally, Defendant argues that Plaintiff's claim should be dismissed because it did not violate the FDCPA by failing to advise Plaintiff of the potential legal consequences of partial payment. Dkt. #13 at 16-22. Specifically, Defendant asserts that it had no duty to advise Plaintiff of the possible legal consequences of his actions, and, in any event, under Washington law, partial payment would not have restarted the statute of limitations. *Id.* The Court does not agree.

The Ninth Circuit has not addressed this question. However, another District Court in this Circuit has recently examined it. In *White v. First Step Group, LLC*, the District Court for the Eastern District of California addressed a similar argument based on a letter with similar language to that received by Mr. Bereket. That court first examined interpretations of the statute from the Federal Trade Commission (FTC) and the Consumer Financial Protection Bureau (CFPB), which are the agencies charged with enforcing the FDCPA. *White*, 2017 U.S. Dist. LEXIS 153569, *10 (E.D. Cal. Sept. 20, 2017). The court explained:

> As to the collection of time-barred debts in states where partial payment can revive the debt, the FTC explains these efforts "may create a misleading impression as to the consequences of making such a payment," again in violation of the FDCPA. FTC Report 2010 at 28. In order to prevent such a

ORDER
PAGE - 7

> misimpression, collectors need to "disclose clearly and prominently to consumers prior to requesting or accepting such payments that (1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive the collector's ability to sue to collect the balance." *Id.*; *see also* FED. TRADE COMM'N, THE STRUCTURE AND PRACTICE OF THE DEBT BUYING INDUSTRY 47 (2013) (FTC Report 2013). The CFPB similarly acknowledges that many consumers do not know, and may even find counterintuitive, the effects of making a partial payment on a time-barred debt. CFPB Proposals 2016 at 20. As a result, the CFPB is considering a proposal to altogether prohibit collection on a time-barred suit unless the collector waives its right to subsequently sue on the debt. *Id.* at 22.
>
> In sum, the FTC and the CFPB both have recognized many consumers may not understand the nature of a time-barred debt with respect to the creditor's inability to sue or the debtor's ability to revive the debt and make themselves subject to suit anew. The FTC specifically finds collection letters for time-barred debts subject to revival may mislead many consumers in violation of the FDCPA, and the CFPB is in the process of considering proposals to require further disclosure regarding the collection attempts. The court finds these interpretations persuasive; they support the conclusion that attempts to collect such as First Step's here may be actionable under FDCPA.

*White*, 2017 U.S. Dist. LEXIS 153569, *13-15.

The Eastern District of California then went on to examine the decisions made in other Circuits facing similar questions, concluding:

> In sum, three recent Circuit decisions have found a collection letter that offers to "settle" and fails to address the effects of a partial payment may violate the FDCPA. *Daugherty*, 836 F.3d 507; *Buchanan*, 776 F.3d 393; *McMahon*, 744 F.3d 1010. The two earlier decisions from the Third and Eighth Circuits do not address either of these features of a collection letter. *Huertas*, 641 F.3d 28; *Freyermuth*, 248 F.3d 767. Thus, the balance of Circuit authority, and all of the Circuit authority directly on point, finds an actionable claim under the FDCPA.

*White*, 2017 U.S. Dist. LEXIS 153569, *20.

In the instant matter, the letter sent by Defendant to Plaintiff also offers to "Settle[] in Full" the alleged debt for less than the full amount under two different savings plans, one of which would be paid in 12 consecutive monthly payments. Dkt. #1, Exhibit A. The letter also

offers to allow Plaintiff to pay the entire debt in lower installment payments for 33 consecutive months. Dkt. #1, Ex. A. While the letter does state that due to the age of the debt Defendant will not sue Plaintiff for the debt, it does not inform Plaintiff that there may be legal consequences for making partial payments either under the 12-month savings plan option or the 33-month installment option. Plaintiff argues that under Washington's "partial payment" statute, one payment under either of those plans would restart the statute of limitations, and then Plaintiff could be sued. That statute states:

> **Effect of partial payment.**
>
> When any payment of principal or interest has been or shall be made upon any existing contract, whether it be a bill of exchange, promissory note, bond or other evidence of indebtedness, if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made.

RCW 4.16.270 (bold in original).

Defendant argues that no such warning is necessary because Plaintiff misinterprets that statute, and a partial payment would not revive the original debt. Dkts. #13 at 17-22 and #18 at 6-11. Significantly, however, Defendant does admit that making a partial payment could open Defendant to liability for a different debt:

> **Had Mr. Bereket sent Portfolio a check for $430.02 and made no further payments, he could not under any circumstances have been found liable to Portfolio for more than $4,730.22 ($5,160.24 less $430.02).**

Dkt. #13 at 20 (emphasis added). Thus, Defendant admits that making a partial payment on the debt could open Plaintiff to litigation whereas making no payment would afford him the protection of the statute of limitations.

ORDER
PAGE - 9

This is exactly the problem addressed by the Seventh Circuit Court of Appeals in *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017). In that case, the Court explained:

> Whatever the precise scope of the Illinois law on restarting the statute of limitations clock with a partial payment or new promise to pay, either step would have put Pantoja in a much worse legal position than he would have been in before taking the step. Before he received defendant's letter, he had an absolute defense to any possible collection suit, which would have been illegal to file. If he had made or promised to make a partial payment, he could have been sued, likely as a pro se defendant, in a new suit. In such a suit, at best, he would have had to challenge the collector's reliance on these Illinois statutes and case law that would have given the collector substantial support. Silence about that significant risk of losing the protection of the statute of limitations renders Portfolio Recovery's dunning letter misleading and deceptive as a matter of law. . . .
>
> The point is that an unsophisticated consumer debtor who makes the first payment or who promises to make a partial payment is much worse off than he would have been without taking either step. If he then fails or refuses to pay further, he will face a potential lawsuit. For purposes of this appeal, it does not matter whether a failure to make further payments would revive the original amount of the debt or just the smaller amount of the settlement offer. Either way, the debtor will be much worse off.
>
> We assume that a few consumer debtors, even if they know the debt can never be collected in a lawsuit, might choose to pay an asserted debt based on a sense of moral obligation. But we believe the FDCPA prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand. We will not attempt to prescribe exact language for debt collectors to use when writing such letters, but the language would need to be clear, accessible, and unambiguous to the unsophisticated consumer. Summary judgment for plaintiff was appropriate here because this letter provided no indication of the relevant danger.

*Pantoja*, 852 F.3d at 685-86.

The Court finds all of this authority persuasive and finds that Plaintiff has adequately pleaded a cause of action under the FDCPA. At this stage of the proceedings, the Court views the facts alleged in favor of Plaintiff, and also finds that Plaintiff has presented a plausible

ORDER
PAGE - 10

argument that a partial payment would restart the statute of limitations on the alleged debt, even, as Defendant admits, that debt would be of a lower amount that the original debt. Accordingly, the Court denies Defendant's motion to dismiss.

## IV. CONCLUSION

Having reviewed Defendant's Motion to Dismiss, the Opposition thereto and Reply in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant's Motion to Dismiss (Dkt. #13) is DENIED for the reasons discussed above.

2. The deadlines pertaining to class certification, as amended on September 26, 2017 (Dkt. #22), remain in place.

DATED this 4 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE