# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ABBY BEREKET, individually and on behalf of all others similarly situated,

Plaintiff(s),

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC and JOHN DOES 1-25,

Defendant(s).

Case No. C17-0812RSM

ORDER GRANTING DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S MOTION TO COMPEL AND STRIKING MOTION TO CERTIFY CLASS

## I. INTRODUCTION

This matter comes before the Court on Defendant Portfolio Recovery Associates, LLC's ("PRA") Motion to Compel. Dkt. #34. Defendant seeks an Order: (1) compelling the production of documents requested in the subpoenas to Cobalt Credit Services, LLC ("Cobalt") and Jesse Rodriguez; (2) compelling Mr. Rodriguez to appear for a deposition; and (3) compelling Plaintiff[1] to produce documents requested in its Requests for Production. *Id.* Plaintiff opposes the motion on the basis that the discovery sought is irrelevant and not proportional to the needs of the case.

---

[1] As the Court has noted previously, Plaintiff's gender is not clear. Plaintiff is referred to with male pronouns throughout the Complaint, and with both male and female pronouns throughout the Opposition briefing. *See* Dkts. #1 and #40. For ease of reference, the Court will refer to Plaintiff using male pronouns, but intends no disrespect if Plaintiff is in fact female.

ORDER - 1

Dkt. #40. Having reviewed the record before it, the Court now GRANTS Defendant's motion for the reasons discussed herein.

## II. BACKGROUND

Plaintiff filed a proposed class action on May 24, 2017. Dkt. #1. He alleges that Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Dkt. #1 at ¶ 4. Specifically, Plaintiff alleges:

> 21. Some time prior to August 23, 2016 an obligation was allegedly incurred to Bank of America.
>
> . . .
>
> 25. On or about August 23, 2016 Defendant caused to be delivered to Plaintiff a collection letter in an attempt to collect the alleged debt. *See* **Exhibit A**.
>
> . . .
>
> 28. The August 23, 2016 letter offered the Plaintiff a number of payment options, one of which offered [] an 'Installment Option' for the Plaintiff to pay off his entire alleged debt over the course of a number of months:
>
> [Embedded image of options in letter not copied]
>
> 29. As of August 23, 2016, more than six (6) years had elapsed since the last payment or activity on the Bank of America debt subject to the letter.
>
> 30. Pursuant to RCW 4.16.040, the statute of limitations is six (6) years for filing suit to collect on a debt.
>
> 31. The August 23, 2016 letter states, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."
>
> 32. The Defendant fails to inform the Plaintiff that should he choose one of the payment plans offered it may re-start the statute of limitations, which may expose the Plaintiff to future litigation for this debt.

33. The Defendant does not inform Plaintiff that should the statute of limitations reset, the Defendant may have the right to commence legal action, which otherwise would have been barred.

34. The Defendant regularly sends collection letters on time-barred debts, offering small monthly installment plans in payment of the entire debt, but does not inform the consumer that the statute of limitations may reset upon making the **first** monthly payment.

35. The Defendant regularly sends letters seeking to collect debts, which are time-barred, that offer small monthly installment plans in payment of the entire debt, informing the consumer that he or he will not be sued due to the age of the debt; but not informing the consumer that the statute of limitations may reset if a partial payment is made on the debt, therefore allowing the Defendant the option of commencing legal action, which otherwise would be barred by the statute of limitations.

Dkt. #1 at ¶ ¶ 21, 25 and 28-34 (bold in original). Plaintiff alleges that these actions violate section 15 U.S.C. § 1692e of the FDCPA. *Id.* at ¶ ¶ 41-45.

On August 17, 2017, Defendant moved to dismiss this action for failure to state a claim. Dkt. #13. The Court denied the motion, finding that Plaintiff had adequately pleaded a cause of action under the FDCPA. Dkt. #23. This litigation has proceeded in due course since that time.

Defendant now alleges that through the course of discovery, the posture of this case has changed. Defendant asserts that on September 20, 2017, it issued requests for production to Plaintiff, to which Plaintiff's counsel responded on December 26, 2017. Dkt. #35, Ex. 2. Defendant then took Plaintiff's deposition on December 21, 2017. Defendant states that during Plaintiff's deposition, it learned that Plaintiff's concern regarding his debt did not have anything to do with the potential restart of the statute of limitations. Instead, Plaintiff's only issue was that he believed the debt was too old to still be appearing on his credit file. Dkt. #35, Ex. 1 at 21:24–22:23, 31:7–18, 37:3–17, 42:1–6 and 53:5–9. It was not until 2016, when Plaintiff became interested in building his credit to buy a house, that the letters from Defendant caught his eye. *Id*. at 30:1–31:17, 32:3–16, 36:15–37:17, 86:13–87:12 and 100:5–20. Thus, in an effort to clean

up his credit, Plaintiff sought advice from Mr. Rodriguez, a senior credit advisor at Cobalt, who Plaintiff understood to specialize in credit repair. Dkt. #35, Ex. 1 at 33:4–20 and 34:12–25.

Thereafter, Mr. Rodriguez and/or Plaintiff began sending credit reporting agencies numerous dispute letters, demanding that the PRA account be dropped from Plaintiff's credit report and threatening the agencies with litigation. Dkt. #35, Exs. 3 and 1 at 44:4–25, 46:19–22 and 47:2–22. In at least five separate letters to TransUnion, Experian, and Equifax, Plaintiff asserted that (1) the account was reported without contacting him; (2) the date opened is incorrect; (3) the balance is incorrect; and (4) the original creditor, Bank of America, had previously accepted a settlement on the account. *Id.*, Exs. 3 and 1 at 52:9–15, 63:2–25, 65:6–25, 66:18–23, 67:3–19 and 21–23, and 69:12–70:8. Plaintiff has acknowledged that these statements were false. Dkt. #35, Ex. 1 at 53:1–54:17, 54:21–55:23, 55:25–56:10 and 56:24–57:12. However, Plaintiff has also testified that while he had discussed the letters with Mr. Rodriguez over the phone, he had never seen the letters before, and that Mr. Rodriguez must have sent them without his knowledge. *Id.* at 49:24–50:16, 54:18–20, 57:3–12, 58:16–24 and 64:3–9.

Eventually, the account fell off Plaintiff's credit report. *Id.* at 81:6–10. However, Plaintiff then decided to pursue legal action against PRA for allegedly continuing to report the account beyond its expiration date. *Id.* at 80:14–81:4. Mr. Rodriguez referred Plaintiff to Marcus & Zelman, LLC. *Id.* at 59:19–25, 79:4–25 and 81:11–22. Although Plaintiff had initially been concerned about the continued reporting of an old account, the basis of the current matter concerns the potential restarting of the statute of limitations when a partial payment is made. Dkt. #1.

After Plaintiff's deposition, Defendant issued two subpoenas on January 12, 2018: a subpoena for documents to Cobalt, and another to Mr. Rodriguez for documents and a deposition.

Dkt. #35, Ex. 4. Defendant also sent Plaintiff's counsel a request to meet and confer regarding alleged deficiencies in Plaintiff's document production, which it believed was revealed at Plaintiff's deposition. Dkt. #35, Ex. 5.

Plaintiff's counsel subsequently informed Defendant that Marcus & Zelman would be representing Cobalt and Mr. Rodriguez, and that they would not be producing Mr. Rodriguez for a deposition on the date requested or producing documents responsive to the subpoena.[2] Dkt. #35, Ex. 6. The instant motion followed.

### III. DISCUSSION

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

At issue on this motion are written discovery requests to Plaintiff, as well as subpoenas issued to third parties Cobalt Credit Services, LLC ("Cobalt") and Jesse Rodriguez. Dkt. #34. The Court addresses each of these discovery issues in turn below.

---

[2] Interestingly, Cobalt's registered agent is Plaintiff's now former local counsel, Ryan Pesicka. *See* Dkt. #35, Ex. 7.

### A. Written Requests to Plaintiff

Defendant first seeks an Order compelling Plaintiff to fully respond to its written discovery requests. Specifically, Defendant seeks complete responses to Requests for Production Nos. 2 and 5, which, as narrowed through the meet and confer process, seek: 1) all communications between Plaintiff and Cobalt or Mr. Rodriguez; and 2) any agreements between Plaintiff and Cobalt. *See* Dkt. #35, Ex. 5. Plaintiff objects to this request on the basis that the RFPs are overbroad and seek irrelevant documents. Dkt. #40 at 1-2. The Court disagrees. For the reasons set forth by Defendant in its motion and Reply brief, the information sought is relevant to the claims and defenses in this matter. *See* Dkts. #34 at 10 and #47 at 1-4. Moreover, even if Defendant's requests were initially overbroad (which this Court need not determine at this juncture), they have since been sufficiently narrowed, and are therefore also proportionate to the needs of this litigation. Thus, the Court will compel Plaintiff to fully respond to the requests as set forth below.

### B. Subpoenas to Cobalt and Mr. Rodriguez

Defendant next seeks an Order compelling Mr. Rodriguez and Cobalt to comply with the subpoenas issued to them. Dkt. #34 at 6-9. Defendant asserts that the testimony and documents sought are necessary to assess Plaintiff's claim and to assess the adequacy of class representation and class counsel, and that the subpoena for Mr. Rodriguez's deposition is enforceable. *Id.* Plaintiff objects to the subpoenas on the basis that the information and documents sought are irrelevant to this action, and are therefore beyond the scope of discovery. Dkt. #40 at 3-5. Plaintiff also objects that communications between Plaintiff and Cobalt and/or Mr. Rodriguez are irrelevant to the defenses in this matter. *Id.* at 6-12.

As an initial matter, the Court notes that it would generally permit a party to challenge the relevance of third-party discovery requests by seeking a protective order under Federal Rule of Civil Procedure 26(c). *See In re REMEC, Inc. Securities Litig.*, 2008 U.S. Dist. LEXIS 47412, 2008 WL 2282647, at * 1 (S.D. Cal. May 30, 2008); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) (deeming a party's motion to quash subpoenas issued to non-parties as a motion for protective order under Rule 26(c)). Plaintiff has failed to make such a motion in this case. However, to the extent Plaintiff's response could be construed as such a motion, the Court finds no basis for a protective order.

The subpoena issued to Cobalt seeks the following documents:

1. All documents reflecting or relating to any agreements between You and Abby Bereket, including any agreement for You to perform credit repair services for Abby Bereket.

2. All documents reflecting or relating to communications between you and Abby Bereket, whether reflected in emails, letters, text messages, voicemail, notes, transcripts, recordings, memoranda, or any other type of media.

3. All documents related to the services you performed for Abby Bereket, including your file related to those services.

4. All documents reflecting or relating to communications regarding Abby Bereket between You and any third party, including Experian, TransUnion, Equifax, Marcus & Zelman, LLC or Concord Law.

5. All documents reflecting or relating to any relationship or agreement, formal or informal, between You and either Marcus & Zelman LLC or Concord Law.

Dkt. #35, Ex. 4. The Court has already determined that these documents are relevant for the reasons set forth in Defendant's motion. *See* Dkts. #34 at 6-9 and #47 at 1-4. Likewise the Court does not find these requests to be overbroad. These requests seek targeted documents, which

were narrowed through the meet and confer process. The subpoena issued to Mr. Rodriguez seeks the same documents, as well as a deposition. Dkt. #35, Ex. 4. Again, the Court notes that the documents requests are both relevant and not overbroad. For the same reasons, any testimony of Mr. Rodriguez is also relevant. Accordingly, the Court will not issue a protective order with respect to these subpoenas.

Finally, the Court notes that since the time the subpoenas were issued, it appears that Mr. Rodriguez and Cobalt have relocated to Hawaii. *See* Dkt. #47 at 5-6. It also appears that Plaintiff's counsel has refused to provide new contact information to Defendant's counsel to date. *Id.* Because the information and testimony sought is both relevant and proportionate to the needs of this case, Plaintiff's counsel shall provide service addresses for both Cobalt and Mr. Rodriguez in Hawaii pursuant to this Order as set forth below.

### C. Pending Motion to Certify Class

On January 19, 2018, Plaintiff filed a Motion to Certify Class. Dkt. #33. That motion remains pending. However, the Court agrees with Defendant that the information and testimony being compelled in this motion are relevant to questions regarding class representation and adequacy of class counsel. Moreover, a portion of that motion seeks to appoint now-withdrawn local counsel to represent the class. *See* Dkt. #33 at 12-14. Because Concord Law no longer represents Plaintiff in this action, that argument is no longer applicable. Accordingly, the Court will strike the pending motion to certify the class pending completion of the discovery at issue in this motion. Plaintiff may then file a new motion to certify class with a revised argument regarding class counsel.

///

///

## IV. CONCLUSION

The Court, having reviewed Defendant's motion to compel, the opposition thereto and reply in support thereof, along with the remainder of the record, hereby finds and ORDERS:

1. Defendant's Motion to Compel (Dkt. #34) is GRANTED as set forth above. **No later than fourteen (14) days from the date of this Order**, Plaintiff shall provide complete responses to Defendant's RFP Nos. 2 and 5, as narrowed through the meet and confer process, and more fully described above. Plaintiff shall also provide complete contact information for Mr. Rodriguez and Cobalt in Hawaii.

2. To the extent that Plaintiff has sought a protective order for the subpoenas issued to Mr. Rodriguez and Cobalt, that request is DENIED.

3. Plaintiff's pending motion for class certification (Dkt. #33) is STRICKEN, but may be refiled after the completion of discovery at issue in this motion.

DATED this 27 day of March, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE