UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABBY BEREKET, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC and JOHN DOES 1-25,<br><br>Defendants. | CASE NO. C17-812 RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE COUNTERCLAIM AND THIRD-PARTY COMPLAINT |

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Class Certification (Dkt. #55) and Defendant's Motion for Leave to File Counterclaim and Third-Party Complaint (Dkt. #59). Plaintiff alleges that Defendant's debt collection practices violate the Fair Debt Collections Practices Act ("FDCPA") and seeks to certify a class of all Washington residents affected by the allegedly unlawful practices. Defendant argues that Plaintiff and his counsel are not adequate class representatives because of Plaintiff's fraudulent actions prior to filing suit. Defendant, in the course of discovery, discovered that Plaintiff engaged a third-party credit repair agency to attempt to get Defendant's account—and numerous others—removed from Plaintiff's credit report. Defendants discovered that various letters it received—purportedly from Plaintiff—were actually from the third-party and that the letters contained numerous misrepresentations.

ORDER – 1

Defendant seeks leave to sue for damages caused by Plaintiff's and the third-party's fraud. Plaintiff responds that he's not responsible for the prior letters, that the activities should not disqualify him in this action, and that Defendant's claims cannot be pursued in this Court. Both parties have requested oral argument, but the Court finds it unnecessary to its resolution of the Motions. After considering the Motions and the record and for the following reasons, the Court grants Plaintiff's Motion and denies Defendant's Motion.

## II. BACKGROUND

### A. Plaintiff Sues for Violation of FDCPA

Defendant, Portfolio Recovery Associates, LLC., bought certain debts from Bank of America and sent letters to the debtors attempting to collect on those debts. Dkt. #56-1. The letter offered the debtors several "payment options" to resolve their outstanding debts. Dkt. #56-1. Of particular importance, the letter indicated: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." Dkt. #56-1. The letter did not disclose that any payment would restart the statute of limitations for the entire amount of the debt and would allow Defendant to then sue to collect the debt. *Id.*

On August 23, 2016, Plaintiff received such a letter from Defendant. Dkt. #56-1. The letter attempted to collect on Plaintiff's Bank of America debt that Plaintiff had not made payment on since August 18, 2010. Dkt. #56-3 at 4; Dkt. #61-2 at 23:6–25:8. Due to the timing of the last payment, the applicable statute of limitations—6 years in Washington—had expired before Plaintiff received the letter. Dkt. #55 at 2 (citing *Unifund CCR Partners v. Sunde*, 163 Wash. App. 473, 487, 260 P.3d 915 (Wash. Ct. App. 2011)). Plaintiff initiated this lawsuit on his own behalf and on behalf of those similarly situated. Plaintiff defines the class—purportedly consisting of 243 individuals—as:

ORDER – 2

(a) all individuals with a Washington State address (b) to whom Defendant mailed [an unlawful] collection letter (c) from May 24, 2016 to the present (d) in an attempt to collect a debt on behalf of Bank of America (e) more than six years after the last payment was made on that debt.

**B. Defendant Learns of Prior Actions Taken by Plaintiff and a Third-Party**

Through the course of discovery in this case, Defendant obtained a fuller picture of certain activities taken by Plaintiff, and a third-party, prior to filing this lawsuit. Defendant learned that in 2016, Plaintiff became interested in improving his credit score and believed that the debt owed Defendant was too old to be included on his credit file. Dkt. #61-1 at 22:10–22:23; 86:25–87:9.[1] Accordingly, Plaintiff hired Jesse Rodriguez and Cobalt Credit Services, LLC (collectively, "Cobalt") to help improve Plaintiff's credit score. Dkt. #61-1 at 33:4–34:25.

Defendant discovered that Cobalt sent 21 letters, made to appear as though they were sent by Plaintiff, to the credit reporting agencies generally challenging the status of debts appearing on Plaintiff's credit report, often by making false representations. *See generally*, Dkt. #60 at 4–7. This in turn caused the credit reporting agencies to contact Defendant each time and forced Defendant to verify the debt. At the same time, Cobalt also sent letters directly to Defendant, again made to appear as though they were sent by Plaintiff, contesting Defendant's reporting of the debt on the basis of still more false representations. Dkt. #60 at 7. When this was unsuccessful, Cobalt contacted an attorney to investigate the matter, who advised that it appeared Defendant was correctly reporting the debt, but that Plaintiff could file this lawsuit. Dkt. #61-28 at 2–7.

///

///

---

[1] Under the Fair Credit Reporting Act, debts may remain on a debtor's credit file for a period of seven years after the last payment. 15 U.S.C. § 1681 *et seq.*

ORDER – 3

### III. DISCUSSION

**1. Defendant's Motion for Leave to File Counterclaim and Third-Party Complaint[2]**

    **a. Legal Standard**

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party seeking leave to amend has previously amended the pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

    **b. Leave to Amend Is Not Appropriate**

Defendant seeks to amend its Answer to assert a counterclaim of fraud against Plaintiff and a third-party complaint for fraud and unfair business practices against Cobalt. Dkt. #59 at 1. These claims are premised upon the letters Cobalt sent to credit reporting agencies and Defendant. Dkt. #59 at 1–3. Plaintiff opposes the motion on the basis that amendment would be futile because this Court lacks jurisdiction over Defendant's claims. *See* Dkt. #64.

---

[2] Defendant's opposition to Plaintiff's Motion relies upon the claims Defendant seeks to assert in its Motion. Therefore, the Court finds it appropriate to address Defendant's Motion first.

Where a federal court has subject matter jurisdiction over a claim, the court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, state law claims arising from a "common nucleus of operative facts" can fall within the Court's supplemental jurisdiction. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005). The inquiry is a flexible one but district courts are still to exercise discretion to sensibly accommodate various concerns including judicial economy, convenience and fairness, and avoiding needless decisions of state law. *Hoeck v. City of Portland*, 57 F.3d 781, 785 (9th Cir. 1995).

Here, Defendant's claims are not part of the same case or controversy as Defendant's claims do not share a "common nucleus of operative facts" with Plaintiff's federal action. As Plaintiff notes, his claim depends on the language included in Defendant's collection letter. Dkt. #64 at 3. Defendant's claims depend on the language included in letters sent to Defendant and credit reporting agencies and the truth of the statements therein. *See generally*, Dkt. #59-2. There does not appear to be any overlap and proof of one claim does not impact resolution of the other.

Defendant wants to broaden the scope of Plaintiff's claim and consider the interactions between the parties before and after Defendant sent the collection letter to Plaintiff. More specifically, Defendant argues that Plaintiff mistakenly believed that Defendant was incorrectly reporting the debt and that only after discovering that the debt reporting was proper did Plaintiff and his counsel "concoct this lawsuit." Dkt. #63 at 1. But the relationship between the parties—such as debtor-creditor—does not constitute a common nucleus of operative facts providing supplemental jurisdiction over all possible claims between the parties. *Ripley v. PMD Dev. LLC*, No. CV-18-01162-PHX-DLR, 2018 WL 4931750, at *2 (D. Ariz. Oct. 11, 2018) (noting "that

ORDER – 5

an employment relationship alone does not generate supplemental jurisdiction over state law counterclaims"). Factually distinct events occurring between Plaintiff, Defendant, and Cobalt during the course of their interactions and relationships are not constituents of a single "case or controversy."

Defendant further argues that its claims against Plaintiff are compulsory counterclaims under Federal Rule of Civil Procedure 13 and therefore within the scope of § 1367(a). Rule 13(a) requires a party's pleading to include all of its claims "aris[ing] out of the transaction or occurrence," Fed. R. Civ. P. 13(a), and compulsory counterclaims are necessarily part of the same case or controversy. *Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1167 (N.D. Cal. 2005). Defendant argues that the two interactions satisfy the Ninth Circuit's liberal and flexible "logical relationship test" for determining the scope of a transaction. Dkt. #63 at 2–3. But even with a liberal and flexible approach, the Court is not convinced that the claims arose out of a continuing transaction. Plaintiff's claims relate to the language in a letter sent him by Defendant. Defendant's claims relate to a series of letters sent to it by Cobalt.

Because the Court finds that Defendant's claims do not fall within the Court's supplemental jurisdiction, the Court need not consider whether it should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

**2. Motion for Class Certification**

**a. Legal Standard**

"Class certification is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc . v. Dukes*, 564 U.S. 338, 345 (2011). Under Federal Rule of Civil Procedure Rule 23(a), the party seeking certification must first demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the

ORDER – 6

class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "Second, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Dukes*, 564 U.S. at 345; *see also Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). In this case, Plaintiff seeks to certify the class under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Dkt. #55 at 9; Fed. R. Civ. P. 23(b)(3).

Rule 23 "does not set forth a mere pleading standard." *Dukes* at 350. Rather, "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.* at 350–51 (internal quotation omitted). "[I]t may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). This is because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* (internal quotation omitted). Nonetheless, the ultimate decision regarding class certification "involve[s] a significant element of discretion." *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1090 (9th Cir. 2010).

**b. The Class Satisfies the Requirements of Rule 23(a)**

Defendant concedes, and the Court finds, that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23(a)(1)–(3). Dkt. #60 at 11. Therefore, the Court focuses its analysis on subsections (a)(4) and (b)(3) of Rule 23.

ORDER – 7

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This is further expanded to: "(1) do the named plaintiff[] and [his] counsel have any conflicts of interest with other class members and (2) will the named plaintiff[] and [his] counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). Defendant does not allege that any conflict of interest exists, but challenges the adequacy of both Plaintiff and his counsel to "prosecute the action vigorously on behalf of the class."

### i. Plaintiff's is Sufficiently Credible

Defendant primarily attacks Plaintiff's credibility. Relying entirely on precedent from outside of the Ninth Circuit, Defendant argues that the misrepresentations in Cobalt's letters demonstrate that Plaintiff is not credible and cannot be an adequate representative. Dkt. #60 at 12–14. Plaintiff counters that he was not responsible for the content of the letters and that, even so, the misrepresentations alone do not make him inadequate. Dkt. #62 at 2–6.

The adequacy requirement "is aimed at protecting the due process rights of absent members who will be bound by a class action judgment." *Farrell v. Bank of Am., N.A.*, 327 F.R.D. 422 (S.D. Cal. 2018) (citing *Hanlon*, 150 F.3d at 1020; *Richards v. Jefferson Cnty., Ala.*, 517 U.S. 793, 801 (1996)). However, "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct." 1 NEWBERG ON CLASS ACTIONS § 3:68 (5th ed.); *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 682 (N.D. Cal. 1986) (noting that within the Ninth Circuit, "[c]haracter attacks . . . not combined with a showing of a conflict of interest have generally not been sympathetically received" and that the existence of a conflict of interest is the most important consideration).

ORDER – 8

"Only when attacks on the credibility of the representative party are so sharp as to jeopardize the interests of absent class members should such attacks render a putative class representative inadequate." *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010) (quoting *Lapin v. Goldman Sachs & Co.,* 254 F.R.D. 168, 177 (S.D.N.Y.2008)). While a putative representative's credibility may be a relevant consideration, it is generally only disqualifying when it is "on issues directly relevant to the litigation." *In re Arris Cable Modem Consumer Litig.*, 327 F.R.D. 334 (N.D. Cal. 2018) (citing *Harris*, 753 F. Supp. 2d at 1015).

Under the applicable case law,[3] the Court is satisfied that any credibility issues Defendant has raised do not disqualify Plaintiff and do not make him an inadequate representative of the class. Defendant does not demonstrate how Plaintiff's involvement with the actions taken by Cobalt are relevant to the underlying class claim. Plaintiff's position draws further support from *Gold v. Midland Credit Management, Inc.*, 306 F.R.D. 623 (N.D. Cal. 2014). Dkt. #62 at 2–4. In *Gold*, the court determined that a class representative could adequately represent the class even though she could not remember the purpose of the debts incurred, because "the ultimate question of liability" turned on the language of a collection letter. Further, Plaintiff exhibited candor in his deposition testimony, admitting to his past actions and involvement with Cobalt.

### ii. Plaintiff is Sufficiently Knowledgeable

Defendant next challenges whether Plaintiff can adequately represent the class because he lacks a basic understanding of the class claims and is therefore not leading the litigation. Dkt. #60 at 15–16. But Defendant does not point to any Ninth Circuit case requiring the class

---

[3] Defendant relies on *Bontempo v. Wolpoff & Abramson, L.L.P.*, Civ. Action No. 06-745, 2008 WL 163051 (W.D. Penn. Jan. 15, 2008). There, the court specifically noted that the putative class representative had engaged in dishonest conduct, demonstrated a lack of candor when asked about his prior conduct, and that his dishonesty related to a central matter of the lawsuit, meaning that it would necessarily come up on cross examination. That is not the circumstance here.

ORDER – 9

representative to possess a particular level of knowledge with regard to the class claims. *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 117 (C.D. Cal. 2007) (noting no Ninth Circuit case imposing knowledge requirement). To the extent there is a knowledge requirement, the "threshold for sufficient knowledge is not high. All that is necessary is a 'rudimentary understanding of the present action and . . . a demonstrated willingness to assist counsel in the prosecution of the litigation.'" *Id.* at 120 (quoting *Thomas & Thomas Roadmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159 (C.D. Cal. 2002)). The Court notes that this case is not overly complex and that, to this point, Plaintiff appears to be adequately involved. The Court is confident that Plaintiff has sufficient knowledge of the case and that his counsel will keep him apprised of the matter and seek his input as appropriate.[4]

### iii. Plaintiff's Counsel is Adequate

Defendant next argues that Plaintiff's counsel is inadequate because this action does not address Plaintiff's initial concern that Defendant's account be removed from his credit report and that Plaintiff's counsel's apparent relationship with Cobalt should disqualify counsel. Dkt. #60 at 16–18. Defendant does not indicate how these unconnected concerns will prevent counsel from adequately representing the interests of the class.

### c. Class Certification is Appropriate Under Rule 23(b)(3)

Under Rule 23(b)(3), a class action may be maintained if "questions of law or fact common to class members predominate" and "a class action is superior to other available methods" to resolve the matter. Fed. R. Civ. P. 23(b)(3). Defendant does not challenge the

---

[4] The Court is not persuaded by Defendant's various arguments that Plaintiff's true motive is revenge, that Plaintiff initially fought the reporting of his account because he thought it was too old, and that Plaintiff does not care about the issue at the center of the dispute. Plaintiff may not be the shiniest apple in the barrel of possible representatives, but Plaintiff's blemishes do not mean that he cannot adequately represent the class in this action.

ORDER – 10

assertion that common questions predominate the claims. Rather, Defendant argues that Plaintiff seeks an overly narrow class definition that fails to protect the interests of individuals who may belong to a more broadly defined class[5] and that this narrow class action is no longer the superior approach as Defendant may face other class actions within the state. Dkt. #18–22.

The Court does not find it necessary to address, in depth, Defendant's argument that the class definition is overly narrow. Defendant does not propose an alternative class definition that is preferable. To the extent Defendant proposes a class of all 144,309 individuals receiving letters with similar or identical language, the Court agrees with Plaintiff at least some of the Plaintiff's exclusions are justified. Dkt. #62 at 7–9 (definition excludes recipients whose debts may have been within the statute of limitations, excludes other states to avoid different statutes of limitation, excludes other letters because no opportunity to review, and excludes other creditors to assure same cardmember agreement and purchase history). Some exclusions may be more necessary than others. But the mere possibility of a better defined class does not make the proposed class definition inadequate. If a new or modified class definition is appropriate during the course of this litigation, the parties may seek the appropriate relief.

The Court is also not convinced by Defendant's superiority argument. Again Defendant argues that it would be preferable for Defendant to resolve more potential claims in this action and relies on cases determining that county-specific class definitions are arbitrary. Dkt. #60 at 20–23 (citing, *e.g.*, *Wenig v. Messerli & Kramer P.A.*, No. 11-cv-3547, 2013 WL 1176062 (D. Minn. Mar. 21, 2013). But Plaintiff argues, persuasively, that the purpose of the superiority analysis is not to define the largest possible class. Dkt. #60 at 9 (citing cases distinguishing

---

[5] Defendant indicates that it has sent letters with the same language to 144,309 individuals with Washington addresses. Dkt. #60 at 18.

ORDER – 11

superior class definition from superior method of *action*). The question before the Court is not whether one class action is preferable to multiple class actions. The question before the Court is whether certifying a class of 243 individuals is preferable to individually litigating 243 claims.[6] The answer is: "Yes."

## IV. CONCLUSION

Having reviewed the Motions and relevant briefing, declarations and attached exhibits, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiff's Motion for Class Certification (Dkt. #55) is GRANTED.
2. Defendant's Motion for Leave to File Counterclaim and Third-Party Complaint (Dkt. #59) is DENIED.

DATED this 30th day of November 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] *See also Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175–76 (9th Cir. 2010) (noting that class action is superior "[w]here recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis" and where it advances judicial economy).